Michael Delikat
James H. McQuade
Lauren F. Kahn
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, New York 10103
(212) 506-5000

**JUDGE KARAS**

Attorneys for Defendant Wyeth Pharmaceuticals, Inc.



08 CV 7640

RECEIVED
AUG 29 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER WALKER,

    Plaintiff,

v.

WYETH PHARMACEUTICALS, INC.,

    Defendant.

Case No. _____

**NOTICE OF REMOVAL**

TO:    CLERK
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

CLERK
Supreme Court of the State of New York
County of Rockland
Courthouse
1 South Main Street
New City, New York 10956

THE LAW OFFICE OF STEVEN A. MORELLI
Steven A. Morelli, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11514

    Defendant Wyeth Pharmaceuticals, Inc. ("Wyeth"), by its undersigned attorneys, files this Notice of Removal, pursuant to 28 U.S.C. § 1441, of the action entitled *Peter Walker v.*

*Wyeth Pharmaceuticals, Inc.*, Index Number: 06128/2008 (Supreme Court of the State of New York, Rockland County).

1. Upon information and belief, this action was commenced on or about June 26, 2008, in the Supreme Court of the State of New York, Rockland County. A copy of the Summons and Complaint was received by Wyeth's undersigned attorneys on July 30, 2008. This Notice of Removal is being filed within thirty (30) days of the date Wyeth's undersigned attorneys received the Summons and Complaint. Attached hereto as Exhibit A is a copy of the Summons and Complaint, which constitutes all of the process, pleadings and orders Wyeth has received in this action.

2. This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Wyeth pursuant to 28 U.S.C. § 1441(a), in that it is a suit constituting a dispute between citizens of different states and the matter in controversy exceeds the sum of the value of $75,000, exclusive of interest and costs.

3. As alleged in the Complaint, Plaintiff Peter Walker ("Plaintiff") is, and at all relevant times has been, a resident and domiciliary of Englewood, New Jersey.

4. Wyeth is, and at all relevant times has been, a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located at 500 Arcola Road in Collegeville, Pennsylvania, and was and still is authorized to do business in the State of New York with an office located in Pearl River, County of Rockland, State of New York, at which Plaintiff was employed. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Wyeth is a citizen of the State of Delaware and of the State of Pennsylvania for purposes of diversity and removal jurisdiction.

5. Thus, the citizenship of all parties is diverse as defined by 28 U.S.C. §

1332(a) in that Wyeth is deemed to be a citizen of the State of Delaware and of the State of Pennsylvania, and Plaintiff is deemed to be a citizen of the State of New Jersey.

6. The Complaint alleges, *inter alia*, that Wyeth unlawfully discriminated against Plaintiff based on his race in violation of the Civil Rights Act of 1991, the Civil Rights Act of 1964, 42 U.S.C. § 1981 and New York Executive Law § 296. Among other relief, Plaintiff seeks compensatory, emotional and physical damages, punitive damages and reasonable attorneys' fees.

7. Removal of the state court action to this Court also is warranted pursuant to 28 U.S.C. § 1441(b) because this suit is one over which this Court has original jurisdiction under 28 U.S.C. § 1331 as it is based, *inter alia*, on a claim or right arising under 42 U.S.C. § 1981, and the Civil Rights Acts of 1964 and 1991. Additionally, pursuant to 28 U.S.C. § 1367(a), this Court has original supplemental jurisdiction over Plaintiff's remaining state law claims under the New York State Executive Law. 28 U.S.C. § 1367(a) provides, in relevant part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." Plaintiff's state and federal claims all relate to Wyeth's alleged discrimination against Plaintiff based on his race, and therefore, Wyeth requests that the Court assert supplemental jurisdiction over Plaintiff's state law claims.

8. Venue lies in the United States District Court for the Southern District of New York because the state-court action was filed in this district. 28 U.S.C. § 1441(a).

9. As required by 28 U.S.C. § 1446(d), Wyeth is serving a copy of this Notice of Removal on Plaintiff and providing a copy to the Clerk of the Supreme Court of the

State of New York, Rockland County.

WHEREFORE, Wyeth submits this Notice of Removal of this action from the Supreme Court of the State of New York, Rockland County, to the United States District Court for the Southern District of New York and prays this action stand so removed.

DATED: New York, New York
         August 28, 2008

Respectfully submitted,

*[signature]*

ORRICK, HERRINGTON & SUTCLIFFE LLP
Michael Delikat
James H. McQuade
Lauren F. Kahn
666 Fifth Avenue
New York, New York 10103
(212) 506-5000

Attorneys for Defendant Wyeth Pharmaceuticals, Inc.

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------------X
PETER WALKER,

                      Plaintiff,

- against -

WYETH PHARMACEUTICALS, INC.

                      Defendants.
---------------------------------------------------------------X

FILED MC
JUN 2 6 2008
ROCKLAND COUNTY
CLERK'S OFFICE

Date Filed: 6/26/2008
Index No. 6/28/2008
Plaintiff designates
**ROCKLAND COUNTY**
as the place of trial

**SUMMONS**
The basis of the venue is
**CONDUCT COMPLAINED OF AND DEFENDANT'S ADDRESS**

To the above named defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Carle Place, New York
        June 25, 2008

                                      THE LAW OFFICE OF STEVEN A MORELLI

                                      STEVEN A. MORELLI, ESQ.
                                      Attorney(s) for Plaintiff
                                      One Old Country Road, Suite 347
                                      Carle Place, New York 11514
                                      (516) 393-9551

TO:    Wyeth Pharmaceuticals
          401 North Middletown Road
          Pearl River, New York 10965

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X   Index no. 6/28/2008
PETER WALKER,

                      Plaintiff,

      -against-                      **FILED COMPLAINT**

WYETH PHARMACEUTICALS, INC.,        JUN 2 6 2008

                      Defendants.    ROCKLAND COUNTY
                                              CLERK'S OFFICE
-----------------------------------------------------------------X

       Plaintiff, PETER WALKER, by and through his attorneys, the LAW OFFICES OF STEVEN A. MORELLI, P.C., complaining of the Defendants herein, alleges, upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. In an environment where discrimination is the norm employees are looked down upon for the pigmentation of their skin. Promotions are neither merit based, nor are they based on seniority, yet solely on race, color and/or national origin. At Wyeth Pharmaceuticals Black employees are held back from promotions, given less pay, forced to work harder, harassed and discriminated against based on the color of their skin. If one of these unfortunate employees have the self worth to stand up and make a complaint, or report the discrimination, their prayers are met with swift and stern retaliation, believed by Wyeth to deter the other black employees from standing up for their rights.

2. This is a civil action for violation of state and federally protected rights brought pursuant

1

to 42 U.S.C. § 1981, the Civil Rights Act of 1991, the Civil Rights Act of 1964, New York State Human Rights Law, New York State Executive Law § 296 et seq., and any and all causes of action that can be reasonably inferred from the facts set forth herein. Plaintiff is seeking damages based upon Defendant's unlawful discrimination causing Plaintiff to suffer financial, physical, emotional, and psychological damages.

3. On or about April 6, 2008, Plaintiff received a right to sue letter from the EEOC. This complaint is within the ninety day period of which to file.

## PARTIES

4. Plaintiff, PETER WALKER, at all times hereinafter mentioned, was and still is a resident and domiciliary of Englewood, New Jersey and is an employee of Wyeth Pharmaceuticals located in the State of New York, County of Rockland.

5. Upon information and belief, Defendant WYETH PHARMACEUTICALS, INC. ("Wyeth"), was and still is a foreign corporation duly authorized to do business in the State of New York, with an office located in Pearl River, County of Rockland, State of New York.

## ALLEGATIONS COMMON TO ALL CLAIMS

6. American Cyanamid, a corporation, was taken over by American Home Products, a corporation, in 1996.

7. In or around 2003, American Home Products became Wyeth.

8. All references to "Wyeth" in this complaint are to be construed as also referring to American Cyanamid and/or American Home Products to the extent that any allegations refer to events that occurred before 2003.

9. Plaintiff is a black, Jamaican male, who has been employed by Wyeth since 1984.

10. Approximately December 2000, his supervisors Walter Waldrop and Bob Braco initiated an unfounded and baseless investigation in an attempt to tarnish Walker's reputation and character amongst his coworkers.

11. The abovementioned investigation, with the purpose of creating the illusion that Walker was a racist, was thrust on him as retaliation for his complaints of harassment against a coworker, Brian Black.

12. Throughout the investigation Waldrop allowed Brian Black to harass and torment Walker.

13. During the course of the investigation, coworkers would actually approach Walker to ask him if he were truly a racist, or if these were simply unfounded rumors.

14. Instead of dealing with this in a professional manner, Waldrop and Braco began reaching out to Walker's coworkers questioning their alliance in an attempt to segregate the company into a racial divide.

15. Walker reached out to his Union for assistance, yet none was provided. It was then he realized that he was predetermined to be treated unequally based on his race, color and national origin.

16. In or around November 2005, Plaintiff's position was eliminated by management. Upon information and belief Walker was never notified of his position being eliminated.

17. Approximately three to four weeks later one of Walker's coworkers informed him that he had seen Walker's position posted as vacant in an attempt to replace Walker.

18. In or around December 2005, Walker approached his supervisor Mr. Katz, who finally

informed him that the position had been eliminated. Wyeth decided to keep Walker around in order to have him train his replacement, in March 2006.

19. Following Walker's discriminatory elimination from his position, he fell ill. After extensive testing he was diagnosed with Irritable Bowel Syndrome ("IBS"), which was caused by severe stress.

20. On or about May 10, 2006 Walker filed a complaint against Katz and Espejo.

21. Upon information and belief, no white employees have had their jobs eliminated without notice. Further, many white employees worked in the same unit as Walker, however, their jobs were spared while Walker's was eliminated.

22. Upon information and belief, Wyeth supervisors did not want Walker to be off the production floor, although there was little work to be done. This was Wyeth's form of psychological termination.

23. As part of Walker's position with Wyeth he was to test the support equipment (metal detectors) after each production batch.

24. On or about August 1, 2007 and August 8, 2007, Walker correctly challenged (tested) the metal detectors; they both failed. Walker had performed this task previously and was knowledgeable of the methods to challenge the support equipment.

25. Walkers supervisor, Corey Birmingham, questioned Walker's test, and thus tested the machines himself, which led to the same result as Walker's test.

26. Upon information and belief, Scott Sanford, Compliance Specialist, was called in to launch an investigation into Walker's testing of the metal detectors. This investigation was skewed, due to Wyeth withholding pertinent information in an effort to discriminate

and harass Walker based on his race, color and national origin.

27. On or about August 10, 2007, Walker performed a test on another machine, it too failed. Nate Goings admitted to Walker that he too was having machines fail their challenge tests.

28. Goings later admitted to Wyeth supervisors that a stainless steel disc in the detectors was causing them to fail, he further stated that he was passing the machines regardless of their failed tests. Birmingham and Gremli withheld the above information from the investigator in an effort to harm, discriminate and retaliate against Walker.

29. Upon information and belief, Wyeth never performed a proper investigation. Walker was never questioned. The report from the investigator contained falsified information, including but not limited to, the statement "no other employee's test resulted in a detector failing" (Paraphrased).

30. Upon information and belief, Wyeth and the supervisors withheld information paramount to an investigation purposely with the intent to harass and discriminate against Walker on the basis of his race, color and national origin and to retaliate against him for complaints of discrimination and unethical behavior.

31. On or about September 10, 2007, Walker confronted Sanford about the report, he then reported it to his Section Manager, Joe Vitanza. Walker stated that he was reporting this to Labor Relations. Upon information and belief Wyeth covered up this incident.

32. Wyeth's actions made it clear to Plaintiff that as a black employee his opportunity for advancement was much less than that of his white counterparts.

33. Defendant's actions and discrimination have cause Plaintiff to be subjected to a hostile

work environment, and have caused him to be injured physically and emotionally.

## AS AND FOR A FIRST CAUSE OF ACTION

34. By reason of the foregoing, Defendant has unlawfully discriminated against Plaintiff in his compensation, terms, and/or privileges of employment, and has denied him the same rights to contract and employment as enjoyed by white persons, because of his race, in that he was not promoted was paid less and treated differently than his similarly situated white counterparts, in violation of 42 U.S.C. § 1981, New York State Human Rights Law, and New York State Executive Law § 296 et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

35. By reason of the foregoing, Defendants have unlawfully discriminated against Plaintiff on the basis of his race, color, and national origin, in violation of the Civil Rights Act of 1991 and the Civil Rights Act of 1964.

## AS AND FOR A THIRD CAUSE OF ACTION

36. By reason of the foregoing, Defendants have unlawfully retaliated against Plaintiff on the basis of his opposition to discriminatory practices, in violation of the Civil Rights Act of 1991 and the Civil Rights Act of 1964.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

    A.    Awarding money damages in the sum of $1,000,000.00 (One Million Dollars);

    B.    Awarding punitive damages to Plaintiff in an amount determined by a jury;

    C.    Granting a permanent injunction enjoining Wyeth from any further actions

abridging the Plaintiff's rights, including but not limited to, an injunction preventing the Defendant or any of it's agents or employees from providing negative, misleading, or disparaging references pertaining to Plaintiff's employment; and,

D. Awarding reasonable attorneys' fees; and further,

E. Granting any and all such further relief which to the Court seems just and proper.

Dated: Carle Place, New York
       June 24, 2008

The Law Office of Steven A. Morelli
Attorney for Plaintiff
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 393-9151

*S/ S. Morelli*
By: Steven A. Morelli, Esq.

7